IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01812–PAB–KMT

ESTATE OF ADAM BROWN, by DEBORAH BROWN and GREGORY BROWN, as Co-Personal Representatives,
DEBORAH BROWN, individually, and
GREGORY BROWN, individually,
GREGORY BROWN, Individually, as the parents of Decedent ADAM BROWN,

      Plaintiffs,

v.

TOWN OF FRISCO, COLORADO,
KEVIN J. LUKANSKI, and
BULLWINKLE'S GRILL CO., INC., d/b/a THE TIKI BAR

      Defendants.

# ORDER

This matter is before the court on "Plaintiff's [sic] Motion to Amend the Complaint Pursuant to Fed. R. Civ. P. 15(a)(1)(B)(2)" (Doc. No. 32, filed December 7, 2009).

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983).

Plaintiffs seek to add three additional claims for relief.  Claims 3 and 4 seek relief against Jane Doe, whose true identity is unknown at this time, but who Plaintiffs allege was an employee of the Town of Frisco and worked at the Frisco Marina, and who provided to Defendant Lukanski the key to the "runabout" boat involved in the subject incident.  (Mot. at 2.)

Plaintiffs also sought to add an eleventh claim against the Town of Frisco "because their employee, in accord with the Town's custom and policy . . . allowed Defendant Lukanski to use the 'runabout' boat."  (*Id.* at 2–3.)  Defendant Town of Frisco opposed the motion to amend, asserting Plaintiffs' proposed Eleventh Claim for Relief fails as a matter of law.  (Doc. No. 39.)  Plaintiffs then filed their Reply, in which they state the have withdrawn the Eleventh Claim for Relief (Doc. No. 43 at 1), and to which they have attached a revised proposed Second Amended Complaint (Doc. No. 43–2.)  Other than Defendant Town of Frisco, none of the other defendants have opposed the Motion to Amend.

The deadline for amending pleadings was set by this court at December 7, 2009 (Doc. Nos. 25, 26), the date Plaintiffs filed their motion.  Therefore, the motion was timely filed. Further, the case is in the early stages of litigation.  Moreover, upon review of the proposed Second Amended Complaint, the Motion, and the Response filed by Defendant Town of Frisco, this court finds there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

"Plaintiff's [sic] Motion to Amend the Complaint Pursuant to Fed. R. Civ. P. 15(a)(1)(B)(2)" (Doc. No. 32) is GRANTED.  The Clerk of Court shall file Plaintiff's "Second Amended Complaint" (Doc. No. 43-2).

Dated this 19th day of January, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge